| | |
|---|---|
| Sandeep Seth (CA State Bar No. 195914)<br>Email: ss@sethlaw.com<br>SETHLAW PLLC<br>Pennzoil Place<br>700 Milam Street, Suite 1300<br>Houston, Texas 77002<br>Tel: (713) 244-5017<br>Fax: (713) 244-5018<br><br>Stanley H. Thompson, Jr.<br>(CA State Bar No. 198825)<br>E-mail: stan@thompsontechlaw.com<br>THOMPSON TECHNOLOGY LAW<br>655 N. Central Ave., 17th Floor<br>Glendale, CA  91203<br>Tel: (323) 409-9066<br><br>Attorneys for Plaintiff<br>Enovsys LLC | COOLEY LLP<br>HEIDI L. KEEFE (178960)<br>(hkeefe@cooley.com)<br>REUBEN H. CHEN (228725)<br>(rchen@cooley.com)<br>ALEXANDRA DUNWORTH LEEPER<br>(307310)<br>(aleeper@cooley.com)<br>ANGELA R. MADRIGAL (346530)<br>(amadrigal@cooley.com)<br>3175 Hanover Street<br>Palo Alto, California 94304-1130<br>Telephone:    +1 650 843 5000<br>Facsimile:     +1 650 849 7400<br><br>COOLEY LLP<br>ADAM PIVOVAR (CA Bar No. 246507)<br>(apivovar@cooley.com)<br>1299 Pennsylvania Avenue, NW, Suite 700<br>Washington, DC 20004<br>Telephone:    +1 650 843 5000<br>Facsimile:     +1 650 849 7400<br><br>Attorneys for Defendant<br>Uber Technologies, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ENOVSYS LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>　　　　　Defendant. | Case No.: 5:23-cv-04549-EJD<br><br>**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO FED. R. CIV. P. 26(f) AND CIV. L.R. 16-9 & [PROPOSED] ORDER**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Enovsys LLC ("Enovsys") and defendant Uber Technologies, Inc. ("Uber"), (collectively referred to as the "Parties") jointly submit this JOINT CASE MANAGEMENT STATEMENT, pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California on the Contents of Joint Case Management Statements. On October 16, 2023, counsel for Enovsys and Uber met and conferred by telephone regarding this Joint Statement.

1. **Jurisdiction & Service**

The Court has subject matter jurisdiction over the Parties' respective claims and counterclaims under 28 USC §§ 1331 and 1338(a). The Parties agree that personal jurisdiction and venue are proper. The Parties have been served with all filings in the case.

2. **Facts**

This is an action for patent infringement of one or more claims of United States Patent Nos. 6,441,752 ("the '752 patent"), 6,756,918 ("the '918 patent"), and 7,199,726 ("the '726 patent"), collectively the "Asserted Location-Based Service Patents" or "Patents-In-Suit.", purportedly arising under the Patent Laws of the United States 35 U.S.C. § 1, et seq., seeking damages and other relief under 35 U.S.C. § 281, *et seq.*

   (a) **Enovsys's Statement**

Enovsys has engaged in consultancy and development in location-based services in wireless technology and owns intellectual property related to such technology. Enovsys's location-based wireless technology has been licensed by Sprint and was the subject of settlement agreements with telecommunication providers Verizon and T-Mobile. *See Enovsys LLC v. Verizon Communications, Inc. et al.*, No. 2:21-cv-00315-JRG, Dkt. 106 (E.D. Tex. Aug. 29, 2022) and *Enovsys LLC v. T-Mobile USA, Inc.*, No. 2:21-cv-00368-JRG, Dkt. 100 (E.D. Tex. Nov. 11, 2022).

On September 5, 2023, Enovsys filed this action against Uber alleging infringement of one or more claims of the Patents-In-Suit. The claims of the Patents-In-Suit are generally directed to beneficial methods and systems for tracking and processing relative location

information of portable mobile devices in a geographic region of a wireless network. The claims of the '752 patent are generally directed to beneficial methods and systems for providing the location of portable mobile devices in a geographic region of a wireless network to a wireless consumer requesting the location of portable mobile devices that are maintaining close proximity to the wireless consumer in the geographic region. The claims of the '752 patent are generally directed to various techniques based upon whether portable mobile remote units have maintained close proximity to a wireless consumer in a geographic region of a wireless network. The claims of the '726 patent are generally directed to beneficial methods and systems employing various techniques for tracking the proximity of one or more portable mobile devices located in a geographic region of a wireless network over a period of time and selectively notifying portable mobile devices in particular geographic regions. The claims of the '918 patent are generally directed to beneficial methods and systems for providing the location of portable mobile devices in a geographic region of a wireless network that are maintaining close proximity to a wireless consumer.

Enovsys alleges that Uber has infringed and continues to infringe one or more claims of the Patents-In-Suit by engaging in acts that constitute infringement under 35 U.S.C. § 271 *et seq.*, including but not limited to making, using, offering for sale, and/or selling within the United States certain products and services which embody, or in combination embody, one or more claims of the patents-in-suit. On information and belief, these products and services include, for example, ride services provided via the Uber Mobile Network, including servers at the Uber Platform wirelessly connected to Uber's Driver Applications and Uber Customer mobile device applications on iOS, Android, and Microsoft operating systems (respectively, "Driver App" and "Customer App"), as well as the various Uber ride service, ride-sharing, car-pooling, and delivery services provided therethrough (collectively, the "Accused Products and Services"). The Accused Products and Services permit a customer to request a service through the Customer App from Uber drivers located in the same geographic area and allow the rider to track the location of nearby Uber drivers, including the driver accepting the service request. Enovsys has also alleged that Uber's infringement has been willful.

**(b) Uber's Statement**

Uber is an American company founded in 2009 and headquartered in San Francisco, California. Uber provides ride-sharing, food delivery, and package transportation services. Uber denies any liability to the infringement allegations in Enovsys's Complaint. Uber also contends that the Patents-in-Suit are invalid. Uber intends to file a Rule 12(b)(6) motion to dismiss.

**3. Factual and Legal Issues**

The factual issues in dispute are, at least, as follows:

(a) Whether Uber infringed one or more claims of the Patents-In-Suit;

(b) The appropriate damages for any infringement; and

(c) Whether any infringement is willful.

The legal issues in dispute are, at least, as follows:

(a) The proper construction of disputed patent claim terms; and

(b) Whether the asserted claims of the Patents-in-Suit are invalid for failure to satisfy one or more requirements of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, 112, and 116.

(c) Whether any other forms of relief are due to any Party.

The Parties reserve the right to raise additional factual and legal issues that may arise throughout the course of this action.

**4. Motions**

No motions have been filed. Uber intends to file a Rule 12(b)(6) motion to dismiss on the date its response to the Complaint is due, November 1, 2023. The Parties also plan to file dispositive and non-dispositive motions as appropriate during this case.

**5. Evidence Preservation**

Enovsys and Uber have taken steps to preserve evidence relevant to this case. The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and the Checklist for ESI Meet and Confer, and the Parties have met and conferred pursuant to Fed. R. Civ. P. 26(f).

**6. Amendment of Pleadings**

At this time, Enovsys is not currently aware of any additional parties, claims, or defenses that would require an amendment of the pleadings. However, the Parties continue to investigate their claims and defenses and will amend the pleadings if appropriate. The Parties propose the Court allow amendment of pleadings to add parties, claims, or counterclaims under Rule 15 until one hundred and twenty (120) days after the day fact discovery opens, with any later amendment requiring good cause under Rule 16.

**7. Disclosures**

The Parties will exchange initial disclosures on November 22, 2023.

**8. Discovery**

**(a) Discovery Taken to Date**

No discovery has been taken to date.

**(b) Scope of Discovery**

Each party may take up to 50 hours of party witness deposition testimony and up to 50 hours of non-party witness deposition testimony.

The Parties agree that a protective order will be necessary in this case in light of the sensitive and proprietary information that will be exchanged during discovery. The Parties are currently negotiating the scope of a proposed protective order to govern this action. The Parties understand that until then, Patent L.R. 2-2 governs, including the source code and prosecution bar provisions.

The Parties have reviewed the ESI Guidelines and further confirm that they have met and conferred regarding the issue. The Parties will notify the Court when they have agreed on a proposed order regarding ESI.

As part of the meet and confer, Enovsys raised the issue of obtaining source code for the accused products. Uber's counsel has agreed to provide access to the source code and other technical documents before Enovsys's infringement contentions are due and the Parties have agreed to narrowing down both Enovsys's infringement contentions/asserted claims and Uber's invalidity contentions/prior art in this case. Consequently, the timing of the Parties' respective

Patent L.R. 3 disclosures would be altered. This approach is reflected in the attached schedule. Unless ordered otherwise, the Parties have stipulated to proceeding with the attached proposed schedule notwithstanding the proposed continuance of the Case Management Conference to November 30, 2023.

Further to the contemplated approach, the Parties have agreed that two (2) code reviewers will have access to the code with necessary tools identified and installed in advance. The Parties have agreed that access to the code will be made available from 9am – 5pm on weekdays for as many days as needed to complete the code review. The Parties agree that Uber will provide access to the source code and the technical documentation for the accused functionality of the Uber Platform, Rider and Driver Apps that Uber would otherwise have had to produce with their invalidity contentions under Patent L.R. 3-4(a) were this special proposal not being contemplated.

Regarding anticipated discovery, the Parties provide their following positions.

**i.   Enovsys's Position**

Enovsys anticipates that the scope of discovery will include all non-privileged matter relevant to any Party's claims or defenses and includes, without limitation,

a. Infringement of the Patents-in-Suit, including, but not limited to: technical and operational product documentation; product development documentation; and product source code.

b. Uber's knowledge of the Patents-in-Suit, including, but not limited to pre-suit knowledge, and willful infringement.

c. Damages for infringement of the Patents-in-Suit, including, but not limited to: the value of the Accused Products and Services; comparable licenses; advertising and marketing efforts by Uber with respect to the Accused Products and Services; the *Georgia-Pacific* factors for a hypothetical negotiation between the parties; and revenues, profits, costs, and sales of the Accused Products and Services.

d. Claim construction.

e. Validity/Invalidity.

**ii.   Uber's Position**

Uber anticipates that the scope of discovery will include all non-privileged matter relevant to any Party's claims or defenses and includes, without limitation,

  a. The Patents-in-Suit, including, but not limited to: prosecution file histories; all documents and source code on conception and reduction to practice; and all documents and source code on any product that practices the claimed inventions.
  b. Claim construction.
  c. Non-infringement.
  d. Invalidity, including any prior art systems and prior art patents and publications.
  e. Damages, including, but not limited to: the value of the Patents-in-Suit, all licenses and offers to license the Patents-in-Suit; the *Georgia-Pacific* factors for a hypothetical negotiation between the parties; and revenues, profits, costs, and sales of any products that practice the claimed inventions.

**9.  Class Actions**

This litigation is not a class action.

**10. Related Cases**

On October 10, 2023, Enovsys LLC filed a complaint against Lyft, Inc., asserting claims of patent infringement of the same Patents-In-Suit in this action against Uber, in the Northern District of California, Case No. 5:23-cv-05157-BLF.

**11. Relief**

   **(a) Enovsys's Requested Relief and Damages Calculations**

Enovsys respectfully prays for a judgment that Uber is liable for infringing and willfully infringing the Patents-In-Suit. Enovsys seeks damages adequate to compensate it for infringement of the Patents-in- Suit, including any past infringement up until the date such judgment is entered, together with prejudgment and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and an accounting to determine the full extent of infringement, including infringing sales, products, and services. Enovsys also seeks enhancement of damages under 35 U.S.C. § 284. Enovsys further reserves the right to seek a

finding that this is an exceptional case, if facts supporting such a finding should arise, requiring Uber to pay the costs of this action and attorneys' fees under 35 U.S.C. § 285. Enovsys seeks all relief and remedies available under 35 USC §§ 283, 284, and 285, and any other relief the Court may deem just and proper.

Enovsys cannot presently provide more specific or fully calculated damages based on reasonable royalties, because relevant discovery on such specific amounts rely on financial information not yet requested from Uber, including but not limited to costs, gross sales, net sales, profits, and projected profits figures for the Accused Products and Services, comparable licenses, and any acceptable non-infringing substitutes. Enovsys will provide more detailed damages calculations after receiving such information from Uber, and after consulting a damages expert who will provide expert disclosures in accordance with the Court's Scheduling Order.

**(b) Uber's Requested Relief and Damages Calculations**

Uber respectfully prays for a judgment that the Patents-In-Suit are invalid, that Uber does not infringe the Patents-in-Suit, denying Enovsys any relief it seeks, and awarding Uber any attorneys' fees and costs Uber is entitled to receive. Specifically, Uber reserves the right to seek a finding that this is an exceptional case, requiring Enovsys to pay the costs of this action and attorneys' fees under 35 U.S.C. § 285. Uber seeks any other relief the Court may deem just and proper.

If liability were somehow established, Uber cannot presently provide more specific or fully calculated damages based on reasonable royalties, because relevant discovery on such specific amounts rely on information not yet requested from Enovsys, including but not limited to any valuations of the Patents-in-Suit, licenses or offers to license the Patents-in-Suit, and any acceptable non-infringing substitutes.  Uber will provide more detailed damages calculations after receiving such information from Enovsys, and after consulting a damages expert who will provide expert disclosures in accordance with the Court's Scheduling Order.

JOINT CASE MANAGEMENT STATEMENT                              CASE NO. 5:23-cv-04549-EJD

**12. Settlement and ADR**

Consistent with ADR Local Rule 3-5 and the ADR certifications filed with the Court, the Parties are continuing to discuss ADR options and will discuss ADR selection with the Court at the Case Management Conference.

**13. Other References**

The Parties agree that this case is not suitable for a binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

Uber's counsel has agreed to provide access to the source code and other technical documents before Enovsys's infringement contentions are due and the Parties have agreed to narrowing down both Enovsys's infringement contentions/asserted claims and Uber's invalidity contentions/prior art in this case. Consequently, the timing of the Parties' respective Patent L.R. 3 disclosures would be altered. This approach is reflected in the attached schedule.

The Parties do not currently seek any bifurcation of issues. If it becomes apparent that any other issues before the Court may be narrowed by stipulation or motion practice, or that the presentation of evidence at trial can be expedited, the Parties will consider how best to do so at that time.

**15. Expedited Trial Procedure**

The Parties agree that this case is not suitable for the Expedited Trial Procedure.

**16. Scheduling**

The Parties submit their respective proposed case schedules in attached Exhibit A.

**17. Trial**

Enovsys has requested that this case be tried to a jury. The Parties anticipate that trial will require five (5) court days, excluding jury selection.

**18. Disclosure of Non-party Interested Entities or Persons**

Each Party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

Enovsys restates, pursuant to Fed. R. Civ. P. 7.1, that it is a privately held company and does not have a parent corporation or any publicly held corporation owning 10% or more of its stock. Pursuant to Civil L.R. 3-15, Enovsys certifies that as of this date, other than the named Parties, there is no such interest to report.

Uber restates pursuant to Fed. R. Civ. P. 7.1, that it is a publicly held corporation with no parent company. Based solely on SEC filings regarding beneficial ownership of Uber's stock, Uber is unaware of any shareholder who beneficially owns 10% or more of Uber's outstanding stock. Pursuant to Civil L.R. 3-15, Uber certifies that as of this date, other than the named Parties, there is no such interest to report.

**19. Professional Conduct**

The Parties confirm all attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. Other**

The Parties have no other matters at this time that may facilitate the just, speedy, and inexpensive disposition of this matter.

Respectfully Submitted,

Dated: October 27, 2023

*/s/ Sandeep Seth*
Sandeep Seth (CA State Bar No. 195914)
Email: ss@sethlaw.com
SETHLAW, PLLC
Pennzoil Place
700 Milam Street, Suite 1300
Houston, Texas 77002
Tel: (713) 244-5017
Fax: (713) 244-5018

Stanley H. Thompson, Jr.
(CA State Bar No. 198825)
E-mail: stan@thompsontechlaw.com
THOMPSON TECHNOLOGY LAW
655 N. Central Ave., 17th Floor

|   |   |
|---|---|
|   | Glendale, CA  91203<br>Tel: (323) 409-9066 |
|   | Attorneys for Plaintiff<br>Enovsys LLC |
| Dated:   October 27, 2023 | */s/ Reuben H. Chen*<br>COOLEY LLP<br>HEIDI L. KEEFE (178960)<br>(hkeefe@cooley.com)<br>REUBEN H. CHEN (228725)<br>(rchen@cooley.com)<br>ALEXANDRA DUNWORTH LEEPER (307310)<br>(aleeper@cooley.com)<br>ANGELA R. MADRIGAL (346530)<br>(amadrigal@cooley.com)<br>3175 Hanover Street<br>Palo Alto, California 94304-1130<br>Telephone:    +1 650 843 5000<br>Facsimile:     +1 650 849 7400<br><br>COOLEY LLP<br>ADAM PIVOVAR (CA Bar No. 246507)<br>(apivovar@cooley.com)<br>1299 Pennsylvania Avenue, NW, Suite 700<br>Washington, DC 20004<br>Telephone:    +1 650 843 5000<br>Facsimile:     +1 650 849 7400<br><br>Attorneys for Defendant<br>Uber Technologies, Inc. |

## **ATTESTATION OF CONCURRENCE IN FILING**

In accordance with Civil Local Rule 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document as indicated by a conformed signature (/s/) within this e-filed document.

Dated:   October 27, 2023                                        By: */s/ Sandeep Seth*

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT PURSUANT TO FED. R. CIV. P. 26(f) AND CIV. L.R. 16-9 & [PROPOSED] ORDER, including the schedule in Exhibit A thereto, is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

> The Honorable Edward J. Davila
> UNITED STATES DISTRICT JUDGE