COOLEY LLP
HEIDI L. KEEFE (178960) (hkeefe@cooley.com)
REUBEN H. CHEN (228725) (rchen@cooley.com)
ALEXANDRA DUNWORTH LEEPER (307310) (aleeper@cooley.com)
ANGELA R. MADRIGAL (346530) (amadrigal@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:     (650) 843-5000
Facsimile:     (650) 849-7400

COOLEY LLP
ADAM PIVOVAR (CA Bar No. 246507) (apivovar@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
Telephone:     (650) 843-5000
Facsimile:     (650) 849-7400

*Attorneys for Defendant*
*Uber Technologies, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ENOVSYS LLC, | Case No. 5:23-cv-04549-EJD |
| Plaintiff, | **DEFENDANT UBER TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| UBER TECHNOLOGIES, INC., | |
| Defendant. | Date: February 1, 2024<br>Time: 9:00 a.m.<br>Courtroom:    4 (5th Floor)<br>Judge:      Hon. Edward J. Davila<br>Trial Date: Not yet set |
| | Complaint Filed: September 5, 2023 |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

DEFENDANT'S NOTICE AND
MOTION TO DISMISS
5:23-CV-04549-EJD

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................................. 2

II.   THE ASSERTED PATENTS ................................................................................ 3

    A.    Overview of the Alleged Invention .......................................................... 3

    B.    Claim 15 of the '918 Patent and Representativeness ............................... 4

III.  LEGAL STANDARDS ......................................................................................... 7

    A.    Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) .......................... 7

    B.    Patent Eligibility Under 35 U.S.C. § 101 ................................................ 7

        1.    Alice Step 1 .................................................................................. 8

        2.    Alice Step 2 .................................................................................. 8

IV.  THE CLAIMS ARE INVALID UNDER 35 U.S.C. § 101 .................................. 9

    A.    The Claims Are Directed To an Abstract Idea (Alice Step 1). ................. 9

        1.    Claims directed to collecting, analyzing, and reporting location information are abstract under binding Federal Circuit precedent............ 9

        2.    The additional asserted claim limitations do not alter the abstract idea analysis. ................................................................................ 12

            a.    Maintaining a list or inventory is abstract................................... 13

            b.    Determining whether an object is in a certain area is abstract. ....................................................................................... 13

            c.    Tracking objects in motion is abstract. ....................................... 14

            d.    Providing location information to a mobile object is abstract. ....................................................................................... 16

            e.    The unasserted claims are directed to abstract ideas.................... 16

        3.    The Asserted Patents claim neither an improvement in functionality nor a specific technological solution to an issue arising specifically in communication networks. ........................................................ 16

    B.    The Claims Recite No Inventive Concept (Alice Step 2). ...................... 19

V.   THE COMPLAINT FAILS TO SUFFICIENTLY PLEAD WILLFUL INFRINGEMENT AND INDIRECT INFRINGEMENT. ................................. 20

VI.  CONCLUSION .................................................................................................. 21

Cooley LLP
ATTORNEYS AT LAW
PALO ALTO

DEFENDANT'S NOTICE AND
MOTION TO DISMISS
5:23-CV-04549-EJD

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*,
   728 F.3d 1336 (Fed. Cir. 2013).................................................................................................. 14

*Affinity Labs of Texas, LLC v. DirecTV, LLC*,
   838 F.3d 1253 (Fed. Cir. 2016).................................................................................................. 17

*Alice Corp. Pty. V. CLS Bank Int'l*,
   573 U.S. 208 (2014)........................................................................................................... *passim*

*Anderson v. Kimberly-Clark Corp.*,
   570 F. App'x 927 (Fed. Cir. 2014) ............................................................................................. 7

*Apple, Inc. v. Ameranth, Inc.*,
   842 F.3d 1229 (Fed. Cir. 2016)............................................................................................ 17, 18

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).................................................................................................................... 7

*Bot M8 LLC v. Sony Corp.*,
   4 F.4th 1342 (Fed. Cir. 2021)..................................................................................................... 6

*British Telecommunications PLC v. IAC/InterActiveCorp.*,
   813 F. App'x 584, 587 (Fed. Cir. 2020) ................................................................................... 13

*BSG Tech LLC v. Buyseasons, Inc.*,
   899 F.3d 1281 (Fed. Cir. 2018).................................................................................................. 19

*CG Tech. Dev., LLC v. FanDuel, Inc.*,
   442 F. Supp. 3d 840 (D. Del. 2020), *aff'd*, 858 F. App'x 363 (Fed. Cir. 2021) .................... 12

*Chamberlain Grp., Inc. v. Techtronic Indus. Co.*,
   935 F.3d 1341 (Fed. Cir. 2019), *cert. denied*, 141 S. Ct. 241 (2020) ..................................... 17

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*,
   776 F.3d 1343 (Fed. Cir. 2014).............................................................................................. 7, 11

*Credit Acceptance Corp. v. Westlake Servs.*,
   859 F.3d 1044 (Fed. Cir. 2017)............................................................................................ 11, 19

*Elec. Power Grp., LLC v. Alstom S.A.*,
   830 F.3d 1350 (Fed. Cir. 2016)........................................................................................ *passim*

*Enfish, LLC v. Microsoft Corp.*,
   822 F.3d 1327 (Fed. Cir. 2016).................................................................................................... 8

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Ericsson Inc. v. TCL Communc'n Tech. Holdings Ltd.*,
955 F.3d 1317 (Fed. Cir. 2020) ............................................................................... 19

*Finjan, Inc. v. Cisco Sys., Inc.*,
No. 17-cv-00072-BLF, 2017 WL 2462423 (N.D. Cal. June 7, 2017) .................................... 21

*Genetic Techs. Ltd. v. Merial LLC*,
818 F.3d 1369 (Fed. Cir. 2016) ................................................................................. 7

*GeoComply Sols. Inc. v. Xpoint Servs. LLC*,
No. 22-1273-WCB, 2023 WL 1927393 (D. Del. Feb. 10, 2023) .......................................... 12

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008) .................................................................................... 7

*Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*,
50 F.4th 1371 (Fed. Cir. 2022) ......................................................................... *passim*

*Intell. Ventures I LLC v. Cap. One Fin. Corp.*,
850 F.3d 1332 (Fed. Cir. 2017) ................................................................................ 11

*Internet Pats. Corp. v. Active Network, Inc.*,
790 F.3d 1343 (Fed. Cir. 2015) ................................................................................ 18

*Jedi Techs., Inc. v. Spark Networks, Inc.*,
No. 1:16-1055-GMS, 2017 WL 3315279 (D. Del. Aug. 3, 2017) .......................................... 9

*In re Killian*,
45 F.4th 1373 (Fed. Cir. 2022) ........................................................................... 9, 11

*Linquet Techs., Inc. v. Tile, Inc.*,
559 F. Supp. 3d 1101 (N.D. Cal. 2021) .................................................... 2, 12, 14, 16

*Location Based Servs., LLC v. Niantic, Inc.*,
295 F. Supp. 3d 1031 (N.D. Cal. 2017), *aff'd*, 742 F. App'x 506 (Fed. Cir.
2018) .................................................................................................. 7, 8, 9, 12

*NantWorks, LLC v. Niantic, Inc.*,
No. 20-cv-06262-LB, 2021 WL 24850 (N.D. Cal. Jan. 4, 2021) ................................... 12, 14

*NantWorks, LLC v. Niantic, Inc.*,
No. 20-cv-06262-LB, 2023 WL 187490 (N.D. Cal. Jan. 13, 2023) ...................................... 12

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

**DEFENDANT'S NOTICE AND
MOTION TO DISMISS
5:23-CV-04549-EJD**

**TABLE OF AUTHORITIES**
(continued)

**Page**

*NetSoc, LLC v. Match Grp., LLC*,
   838 F. App'x 544 (Fed. Cir. 2020) ....................................................................... 13

*OpenTV, Inc. v. Apple Inc.*,
   No. 5:15-cv-02008-EJD, 2016 WL 344845 (N.D. Cal. Jan. 28, 2016) (Davila,
   J.) ........................................................................................................................... 8, 9

*Pabst Licensing GmbH & Co. KG v. Xilinx Inc.*,
   193 F. Supp. 3d 1069 (N.D. Cal. 2016) ............................................................... 7, 9

*SAP Am., Inc. v. InvestPic, LLC*,
   898 F.3d 1161 (Fed. Cir. 2018).......................................................................... 14, 16

*Secure Cam, LLC v. Tend Insights, Inc.*,
   351 F. Supp. 3d 1249 (N.D. Cal. 2018) (Davila, J.) ................................................ 8

*Silver State Intell. Techs. v. Facebook Inc.*,
   314 F. Supp. 3d 1041 (N.D. Cal. 2018) ...................................................... 8, 12, 21

*Sonos v. Google*,
   591 F. Supp. 3d 638 (N.D. Cal. 2022) .................................................................. 21

*Two-Way Media v. Comcast Cable Commc'ns*,
   874 F.3d 1329 (Fed. Cir. 2017)........................................................................ 19, 20

*Univ. of Florida Research Found., Inc. v. General Electric Co.*,
   916 F.3d 1363 (Fed. Cir. 2019) ............................................................................ 11

*Webb v. Olive Garden Restaurant/Darden Restaurants*,
   No. C08-04913 PVT, 2009 WL 734667 (N.D. Cal. Mar. 19, 2009) ........................ 7

*Weisner v. Google LLC*,
   51 F.4th 1073 (Fed. Cir. 2022)..................................................................... *passim*

*Wildseed Mobile LLC v. Google LLC*,
   No. 22-cv-04928-WHO, 2023 WL 3898979 (N.D. Cal. June 7, 2023) ................. 12

*Wireless Discovery LLC v. Coffee Meets Bagel, Inc.*,
   No. 22-478-GBW, 2023 WL 1778638 (D. Del. Feb. 6, 2023) .................. 12, 15, 16

**Statutes**

35 U.S.C. § 101 .......................................................................................... 7, 8, 9, 21

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

- iv -

DEFENDANT'S NOTICE AND
MOTION TO DISMISS
5:23-CV-04549-EJD

1

2

**TABLE OF AUTHORITIES**
(continued)

3

**Page**

4

**Other Authorities**

5

6

Fed. R. Civ. Proc. Rule 12(b)(6) ................................................................................ 6, 7

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cooley LLP
Attorneys at Law
Palo Alto

- v -

**Defendant's Notice and
Motion to Dismiss
5:23-CV-04549-EJD**

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on February 1, 2024 at 9:00 a.m. in Courtroom 4, 5th Floor, United States District Court for the Northern District of California, San Jose Division, before the Honorable Edward J. Davila, Defendant Uber Technologies, Inc. shall move the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Enovsys LLC's Complaint (Dkt. No. 1, "Compl.") with prejudice for failure to state a claim.

The claims of U.S. Patent Nos. 6,441,752; 6,756,918; and 7,199,726 (Compl. Exs. A-C) are invalid because they recite patent-ineligible subject matter under 35 U.S.C. § 101.  In addition, the Complaint fails to state a claim for willful infringement and indirect infringement.  This motion is based on the following Memorandum of Points and Authorities, the pleadings on file, matters of which the Court may take judicial notice, and upon such other and further argument and evidence as the Court may permit.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.    INTRODUCTION

3   The claims of the asserted patents are directed to the abstract idea of (1) collecting location

4   information, (2) analyzing it, and (3) presenting results.  The specification admits as much: "[t]he

5   invention relates to . . . systems that convey the location of a mobile unit."  (U.S. Patent No.

6   6,756,918 ("'918 patent") at 1:14-16.)  In fact, the "need" the patents supposedly address is

7   determining whether someone is being tracked within a given area (*id.* at 2:9-16), much like the

8   timeworn, real-world scenario of a detective watching to see if someone is being followed in a

9   neighborhood or precinct.  The claims merely require obtaining location information of a first

10  mobile unit; obtaining the location information of a second mobile unit within a specified

11  geographic boundary; using those locations to verify whether the units have maintained proximity

12  with each other; and forwarding the results of the verification.  (*See* '918 patent, claim 15.)  The

13  solution to the patent's stated problem of figuring out if something or someone is being followed

14  is no more complex than a detective staking out an area to verify if a witness is being followed and

15  then reporting on what he sees.  Well-established precedent makes clear that such claims are

16  abstract.  In the oft-cited case of *Electric Power Group, LLC v. Alstom S.A.*, the Federal Circuit

17  found claims directed to "collecting information," "analyzing it," and presenting "results" to be

18  invalid.  830 F.3d 1350, 1353 (Fed. Cir. 2016).

19  Courts have also repeatedly held that claims for location tracking technology are not patent

20  eligible.  *See, e.g., Weisner v. Google LLC*, 51 F.4th 1073, 1082-83 (Fed. Cir. 2022) ("Humans

21  have consistently kept records of a person's location and travel in the form of travel logs, diaries,

22  journals, and calendars, which compile information such as time and location."); *Linquet Techs.,*

23  *Inc. v. Tile, Inc.*, 559 F. Supp. 3d 1101, 1108 (N.D. Cal. 2021) ("[T]he claim is drawn to the abstract

24  idea of tracking or locating an object.").

25  Everything else in the claims merely recites the functional end-result of making sure the

26  right people in the right locations get the right information, using conventional technology or

27  technology only described in black box functional terms ("portable mobile remote unit," "network,"

28  "wireless consumer," "communication unit," "transmitter").  As such, the claims are ineligible and

Cooley LLP
Attorneys at Law
Palo Alto

2

**Defendant's Notice and
Motion to Dismiss
5:23-CV-04549-EJD**

1    the Complaint should be dismissed with prejudice.

2         In the event the Complaint is not dismissed on the basis of patent ineligibility, the purported

3    claims of willfulness and indirect infringement should be dismissed.  The Complaint makes no

4    allegation of knowledge of infringement, and makes only a single conclusory allegation of

5    knowledge of the asserted patents.  (*See* Compl. ¶ 24.)  This is insufficient to meet the pleading

6    standard and the claims of willfulness and indirect infringement should be dismissed.

7    **II.    THE ASSERTED PATENTS**

8         Plaintiff filed its Complaint against Uber on September 5, 2023, alleging infringement of

9    various claims of three asserted patents.  (*See* Compl. ¶¶ 57, 119, 198.)  Plaintiff seeks judgment

10   that "Uber is liable for infringing and willfully infringing the patents-in-suit."  (Compl., Prayer for

11   Relief.)  Plaintiff supports its claim of willfulness by alleging, without more, that "[u]pon

12   information and belief, Uber has been on notice of the Asserted Location-Based Service Patents

13   since at least 2020."  (Compl. ¶ 24.)  The Complaint includes no allegations related to patent

14   eligibility.

15        **A.    Overview of the Alleged Invention**

16        Plaintiff asserts U.S. Patent Nos. 6,441,752 ("'752 patent"); 6,756,918 ("'918 patent"); and

17   7,199,726 ("'726 patent") (collectively, the "Asserted Patents").  (Compl. ¶ 1.)  The application for

18   the '752 patent was filed on December 30, 2000, and the applications for the '918 and '726 patents

19   were filed about one-and-a-half and three-and-a-half years (respectively) later.  (*See* Compl. Exs.

20   A-C.)  The '726 patent is a continuation of the '918 patent, which is a continuation-in-part of the

21   '752 patent.  (Compl. Ex. C.)  The Asserted Patents have highly similar specifications, claim

22   priority to December 30, 2000, and expired on December 30, 2020.

23        The Asserted Patents are all titled "Method and Apparatus for Locating Mobile Units

24   Tracking Another or Within a Prescribed Geographic Boundary," and are directed broadly to

25   methods and systems for collecting and analyzing the location of mobile devices (including their

26   proximity) within a geographic region and providing the location of nearby devices to a user.  (*See*

27   Compl. Exs. A-C; *see also id.* ¶¶ 54, 117, 196.)

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3

DEFENDANT'S NOTICE AND
MOTION TO DISMISS
5:23-CV-04549-EJD

**B.    Claim 15 of the '918 Patent and Representativeness**

Plaintiff's Complaint asserts claims 1, 3-4, 6-7, and 12 of the '752 patent; claims 1, 2, 15, 22, and 24 of the '918 patent; and claims 1, 4, 6, 8, 12, and 13 of the '726 patent (collectively, the "Asserted Claims").  (Compl. ¶¶ 57, 119, 198.)

Claim 15 of the '918 patent is representative,[1] and merely describes collecting and analyzing location information, and presenting the results of analyzing such information.  The text of claim 15 is below in the left column, with the addition of the abstract idea in the right column:

| | |
|---|---|
| 15. A method for determining that a first portable remote unit of a wireless consumer associated with a network is being tracked by at least a second portable remote unit that is in motion with the first portable remote unit over a tracking period comprising; | [Preamble] |
| i) **obtaining** the **location information** of the first portable mobile remote unit, said location information provided at intervals during said tracking period; | **Collecting location information** of a first mobile unit |
| ii) **obtaining** the **location information** of the at least second portable communication unit that is within a specified geographic boundary of the first portable remote unit, said location information provided at intervals during said tracking period; | **Collecting location information** of a second mobile unit within a specified area of the first unit |
| iii) **using** the **location** obtained according to step (i) and (ii) to **verify** whether the first portable remote unit and second portable remote unit have maintained relative proximity during the tracking period; | **Analyzing** the **location information** to determine if the first and second units have been in proximity |
| iv) **forwarding** the **result** of the verification to a network requestor at the end of the tracking period. | **Presenting** the results |

This mapping closely tracks how Plaintiff describes its own patents as directed to "providing the location of portable mobile devices in a geographic region" either with respect to

---

[1] The Court may treat a claim as representative where there is no distinctive significance of any claim limitations other than those included in the representative claim.  *See Elec. Power Grp.*, 830 F.3d at 1352.  Indeed, the remaining independent claims generally have fewer, not more limitations. And the dependents add nothing of significance.

Cooley LLP
Attorneys at Law
Palo Alto

4

Defendant's Notice and
Motion to Dismiss
5:23-CV-04549-EJD

proximity or proximity over a period of time. (Compl. ¶¶ 54, 117, 196.) Plaintiffs' own Complaint, therefore, demonstrates that the claims are directed to the abstract idea of (1) collecting location information, (2) analyzing it, and (3) presenting results.

The remaining Asserted Claims have minor variations that fall within the same abstract idea.

- **Maintaining a "list" or "inventory" of units is collecting information:** '752 patent, claim 1 adds the requirement of "maintaining a list of mobile remote units." In a similar fashion, '752 patent, claim 6 adds the requirement of "maintaining a list of all remote units that disclosed their location after each request" and '918 patent, claim 24 maintains an "inventory of all second communication units that are providing their location in proximity to the first communication units." These are simply forms of collecting location information.

- **Determining if a unit is within a certain area is collecting and analyzing information:** '752 patent, claim 3 adds the requirement of estimating "at the remote unit" if the current location of the remote unit is within the specified geographic boundary. This is analyzing location information, but by the remote unit instead of the network. '752 patent, claim 4 and '918 patent, claim 2 add the requirement of determining whether a remote unit is within an exclusion region, within which location information should not be provided. This is a form of collecting and/or analyzing location information. '752 patent, claim 6 adds the requirement of using a "wider than normal prescribed geographic boundary" and splitting the geographic boundary into "sub geographic regions" to verify remote units within each subregion and maintaining a list of such remote units. This is another variation of collecting and/or analyzing location information.

- **Tracking a unit in motion is analyzing information:** '918 patent, claim 22 and '726 patent, claim 1 require determining whether the first and second units maintained "proximity while in motion," which is merely further analyzing location information.

- **Providing location information to a remote unit in addition to the network is presenting results:** '726 patent, claims 8 and 12 provide the location information "to" a "remote unit" in addition to the network, which is presenting results to a larger audience.

None of the *unasserted* claims are mentioned at all in the Complaint so cannot form the basis of a well-pleaded cause of action for purposes of Rule 12(b)(6). *See Bot M8 LLC v. Sony Corp.*, 4 F.4th 1342, 1352-53 (Fed. Cir. 2021) ("The relevant inquiry under *Iqbal/Twombly* is whether the factual allegations in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. . . . There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." (emphasis added)). Nevertheless, the unasserted claims likewise recite the same abstract idea of collecting location information, analyzing it, and presenting results, with some minor variations. Briefly, the minor variations in the unasserted claims include:

- Steps for analyzing information using mathematical calculations based on location information ('752 patent, claim 2 (calculations using "radii" and "angle" information); '918 patent, claim 16 ("radii" and "angle" information); '752 patent, claim 9 (calculating if a unit traveled "a minimum pre-specified distance"); '918 patent, claim 21 ("minimum pre-specified distance"); '752 patent, claims 16 and 18 (calculating "velocity"); '918 patent, claims 3, 7, 27 ("velocity"); '726 claim 3 ("velocity"));

- Steps for analyzing information to determine elapsed time or whether a specified time period has expired ('752 patent, claim 5; '918 patent, claims 18, 25);

- Steps for presenting results, such as to present results in a specific order ('752 patent, claim 8 (presenting results for "closer" units before results for units that are "further" away); '918 patent, claim 12 (same)).

The remaining unasserted claims are directed to abstract ideas that correspond to the abstract ideas of the various limitations of the Asserted Claims, so are covered by the analysis of

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6

DEFENDANT'S NOTICE AND
MOTION TO DISMISS
5:23-CV-04549-EJD

the Asserted Claims.

Because claim 15 is representative and all of the remaining claims are "substantially similar and linked to the same abstract idea," this Court "need not expressly address each asserted claim." *See Pabst Licensing GmbH & Co. KG v. Xilinx Inc.*, 193 F. Supp. 3d 1069, 1085 (N.D. Cal. 2016) (quoting *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014)).

## III.   LEGAL STANDARDS

### A.   Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Pursuant to Federal Ruel of Civil Procedure 12(b)(6), a district court may dismiss an action for failure to state a claim upon which relief can be granted.  Stating a claim "requires more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Instead, the plaintiff must include sufficient factual allegations to state a claim to relief that is above a speculative level and plausible on its face.  *Id.* at 555, 570.  When analyzing a motion to dismiss for failure to state a claim, the court accepts as true all well-pleaded factual allegations in the complaint and draws reasonable inferences in favor of the nonmoving party, but the court need not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 931-32 (Fed. Cir. 2014); *see also Webb v. Olive Garden Restaurant/Darden Restaurants*, No. C08-04913 PVT, 2009 WL 734667, at *2 (N.D. Cal. Mar. 19, 2009); *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

### B.   Patent Eligibility Under 35 U.S.C. § 101

Patent eligibility is a question of law and, if the court has an understanding of the basic character of the claimed subject matter, it is proper to determine patent eligibility under 35 U.S.C. § 101 on a Rule 12(b)(6) motion even before a formal claim construction.  *See Location Based Servs., LLC v. Niantic, Inc.*, 295 F. Supp. 3d 1031, 1042-43 (N.D. Cal. 2017), *aff'd*, 742 F. App'x 506 (Fed. Cir. 2018); *see also Genetic Techs. Ltd. v. Merial LLC*, 818 F.3d 1369, 1373-74 (Fed. Cir. 2016).  In fact, courts regularly resolve § 101 issues at the pleading stage.  *See, e.g.*, *Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*, 50 F.4th 1371 (Fed. Cir. 2022); *Weisner v. Google LLC*, 51

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7

DEFENDANT'S NOTICE AND
MOTION TO DISMISS
5:23-CV-04549-EJD

1   F.4th 1073 (Fed. Cir. 2022); *Secure Cam, LLC v. Tend Insights, Inc.*, 351 F. Supp. 3d 1249 (N.D.

2   Cal. 2018) (Davila, J.); *OpenTV, Inc. v. Apple Inc.*, No. 5:15-cv-02008-EJD, 2016 WL 344845

3   (N.D. Cal. Jan. 28, 2016) (Davila, J.).

4          The Supreme Court's two-step *Alice* framework governs the § 101 inquiry.  *See Alice Corp.*

5   *Pty. V. CLS Bank Int'l*, 573 U.S. 208, 217 (2014).

6                          **1.      *Alice* Step 1**

7          The first step involves determining whether the claims at issue are directed to a patent-

8   ineligible concept, such as an abstract idea.  *Alice Corp. Pty.*, 573 U.S. at 217.  Although there is

9   no bright line test for this step, courts utilize a variety of different techniques to address the inquiry.

10  *See Silver State Intell. Techs. v. Facebook Inc.*, 314 F. Supp. 3d 1041, 1046 (N.D. Cal. 2018) (citing

11  *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016)).  For example, to determine

12  whether claims are directed to an abstract idea, courts compare the claims at issue to those already

13  found to be abstract in previous cases.  *Silver State*, 314 F. Supp. 3d at 1046.  Courts also consider

14  whether the claims are directed to mental processes or processes that could be done with a pen and

15  paper.  *Id.*  Courts may consider whether the claims have an analogy in the non-computer context,

16  such that they cover a fundamental practice long prevalent in our system.  *Location Based Servs.*,

17  295 F. Supp. 3d at 1043.  When computer-related claims are at issue, courts look to whether the

18  claims "purport to improve the functioning of the computer itself" in order to determine whether

19  the claims are abstract; applying an abstract idea using some generic computer "is not '*enough*' to

20  transform [the] abstract idea into a patent-eligible invention."  *See Alice Corp. Pty.*, 573 U.S. at

21  225-26.

22                          **2.      *Alice* Step 2**

23         If the claims are directed toward patent-ineligible concepts, the court then determines

24  whether claim element(s) constitute an inventive concept sufficient to transform the nature of the

25  claim into a patent-eligible application.  *Alice Corp. Pty.*, 573 U.S. at 217.  "Such transformation,

26  however, requires more than just the recitation of the abstract idea followed by the words 'apply

27  it.'"  Moreover, simply adding a generic computer to an otherwise abstract concept is not sufficient

28  to save the patent from ineligibility.  Rather, to satisfy the inventive concept requirement, a

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8

**DEFENDANT'S NOTICE AND
MOTION TO DISMISS
5:23-CV-04549-EJD**

computer-implemented invention must involve more than the performance of 'well-understood, routine [and] conventional activities previously known in the industry.'"   *OpenTV*, 2016 WL 344845, at *4 (citing *Alice Corp. Pty.*, 573 U.S. 208).

## IV.   THE CLAIMS ARE INVALID UNDER 35 U.S.C. § 101.

### A.   The Claims Are Directed To an Abstract Idea (*Alice* Step 1).

#### 1.   Claims directed to collecting, analyzing, and reporting location information are abstract under binding Federal Circuit precedent.

The claims of all three Asserted Patents are directed to the abstract idea of (1) collecting location information, (2) analyzing it, and (3) presenting results—in essence, watching someone to see where they go, figuring out if anyone is in the vicinity nearby or is following them, and then reporting it. *See Weisner*, 51 F.4th at 1082-83; *see Elec. Power Grp.*, 830 F.3d at 1353 (explaining that *Alice* Step 1 inquiry involves looking at the "focus" of the claims—that is, their "character as a whole"); *see also Pabst Licensing GmbH & Co. KG*, 193 F. Supp. 3d at 1085, *aff'd*, 684 F. App'x 971 (Fed. Cir. 2017) (explaining that description of claims need only focus on dominant concepts and need not include secondary claim limitations); *see also Jedi Techs., Inc. v. Spark Networks, Inc.*, No. 1:16-1055-GMS, 2017 WL 3315279, at *8 (D. Del. Aug. 3, 2017) ("A bedrock principle under *Alice* step one involves distilling claims to their basic concepts to determine whether they are directed to abstract ideas."). "'[T]he Federal Circuit has generally found claims abstract where they are directed to some combination of collecting information, analyzing information, and/or displaying the results of that analysis.'"  *Location Based Servs.*, 295 F. Supp. 3d at 1043-44; *see also Elec. Power Grp.*, 830 F.3d at 1353-54 (invalidating claims about collecting, analyzing and presenting information as abstract); *see also In re Killian*, 45 F.4th 1373, 1380 (Fed. Cir. 2022) ("We have found similar claims pertaining to data gathering, analysis, and notification on generic computers to be directed to abstract ideas[.]").

The claims here are very similar to those invalidated a year ago in *Weisner v. Google* and *International Business Machines Corp. v. Zillow*, two binding Federal Circuit decisions.   In *Weisner*, the Federal Circuit invalidated the claims of two patents that collected and reported location history over time.   51 F.4th at 1082-84.   The court in *Weisner* held that "collect[ing]

information on a user's movements and location history [and] electronically record[ing] that data" was not patent-eligible. *Id*. at 1082 (brackets in original). Indeed, in *Weisner*, one of the claim elements was actually determining if an individual member, as the member traveled, had a physical encounter with (*i.e.*, was within the proximity of) a vendor member, and maintaining a viewable physical encounter history, including the geographic location and the time of the physical encounter. *Id*. at 1077-78; *see also* U.S. Patent No. 10,380,202, Fig. 2.



FIG. 2

Similarly in *Zillow*, the Federal Circuit invalidated the claims of a patent that "limited and coordinated the display of information" on a map based on a selected geographic area. 50 F.4th at

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10

DEFENDANT'S NOTICE AND
MOTION TO DISMISS
5:23-CV-04549-EJD

1377-79.  There, just like here, a bounded area of the map was one of the critical limitations, but that added nothing patentable.  *Id.* at 1378.  Just like the patents in *Weisner* and *Zillow*, the claims here amount to merely collecting location information, analyzing the information, and reporting the results, all of which are directed to an abstract idea.

Not only are the claims analogous to those in *Wiesner* and *Zillow*, the claims here are also directed merely to automation of ordinary human activity.  That the patents rely on a computer does not save them from ineligibility on 101 grounds.  *See Univ. of Florida Research Found., Inc. v. General Electric Co.*, 916 F.3d 1363, 1367 (Fed. Cir. 2019) (finding "do it on a computer" patent directed to abstract idea and noting the following: "That the automation can result in life altering consequences is laudable, but it does not render it any less abstract." (internal citation omitted)).  As an example, suppose a witness feels that she is being followed every time she goes to court.  So, she asks a detective to monitor her to canvas the area every time she is near court to see if anyone is indeed following her.  That detective looks at all the people in the vicinity around the court to see who stays close to the witness and watches how close they stay over time.  If someone stays close, the detective reports about that person and his movements.  Indeed, the Federal Circuit has noted that "[h]umans have consistently kept records of a person's location and travel in the form of travel logs, diaries, journals, and calendars, which compile information such as time and location."  *Weisner*, 51 F.4th at 1082-83.  And, "[a]utomation or digitization of a conventional method of organizing human activity like the creation of a travel log on a computer does not bring the claims out of the realm of abstractness."  *Id.* at 1083; *see also Credit Acceptance Corp. v. Westlake Servs.*, 859 F.3d 1044, 1055 (Fed. Cir. 2017) ("[M]ere automation of manual processes using generic computers does not constitute a patentable improvement in computer technology."); *Content Extraction*, 776 F.3d at 1347 ("The concept of data collection, recognition, and storage is undisputedly well-known.").  Likewise, claims "directed to collection of information, comprehending the meaning of that collected information, and indication of the results, all on a generic computer network operating in its normal, expected manner" are abstract.  *In re Killian*, 45 F.4th at 1380; *Zillow*, 50 F.4th at 1378; *see also Intell. Ventures I LLC v. Cap. One Fin. Corp.*, 850 F.3d 1332, 1340 (Fed. Cir. 2017) (collecting cases).

Cooley LLP
Attorneys at Law
Palo Alto

11

Defendant's Notice and
Motion to Dismiss
5:23-CV-04549-EJD

In keeping with the Federal Circuit's binding precedent, district courts including in this District have consistently found claims similar to those here to be abstract and patent ineligible, including:  claims directed to "tracking or locating an object," *Linquet Techs., Inc. v. Tile, Inc.*, 559 F. Supp. 3d 1101, 1108 (N.D. Cal. 2021); claims directed to determining "proximity" of mobile devices even when turned off and in motion, *Wireless Discovery LLC v. Coffee Meets Bagel, Inc.*, No. 22-478-GBW, 2023 WL 1778638, at *3-*5 (D. Del. Feb. 6, 2023); claims directed to "verifying a person's location," *GeoComply Sols. Inc. v. Xpoint Servs. LLC*, No. 22-1273-WCB, 2023 WL 1927393, at *4, 6 (D. Del. Feb. 10, 2023); claims directed to "[d]etermining the location of a mobile gaming device," *CG Tech. Dev., LLC v. FanDuel, Inc.*, 442 F. Supp. 3d 840, 848 (D. Del. 2020), *aff'd*, 858 F. App'x 363 (Fed. Cir. 2021); claims directed to "making event and venue recommendations based on information about a user's media preferences and location," *Wildseed Mobile LLC v. Google LLC*, No. 22-cv-04928-WHO, 2023 WL 3898979, at *5 (N.D. Cal. June 7, 2023); claims directed to "storing and selectively sharing location-based information," *Silver State Intell. Techs. v. Facebook Inc.*, 314 F. Supp. 3d 1041, 1047 (N.D. Cal. 2018); claims directed to "providing information to a user based on a location on a map," *NantWorks, LLC v. Niantic, Inc.*, No. 20-cv-06262-LB, 2023 WL 187490, at *5 (N.D. Cal. Jan. 13, 2023); and, claims directed to "reconciling transactions between two users based on the first user's location," *NantWorks, LLC v. Niantic, Inc.*, No. 20-cv-06262-LB, 2021 WL 24850, at *6 (N.D. Cal. Jan. 4, 2021); *accord Location Based Servs., LLC v. Niantic, Inc.*, 295 F. Supp. 3d 1031, 1047 (N.D. Cal. 2017), *aff'd*, 742 F. App'x 506 (Fed. Cir. 2018).

### 2. The additional asserted claim limitations do not alter the abstract idea analysis.

As discussed in Section II.B., above, claim 15 of the '918 patent is representative of all the claims.  The additional claim limitations beyond those in claim 15 of the '918 patent fail to change the outcome of *Alice* Step 1, since the ideas all fall under the abstract idea of (1) collecting location information, (2) analyzing it, and (3) presenting results.  Thus, the analysis immediately above applies to the other claims.  *See supra* at IV.A.1.  To the extent the Court determines that claim 15 of the '918 patent is not representative of any of the variations noted above, each of these variations

Cooley LLP
ATTORNEYS AT LAW
PALO ALTO

12

DEFENDANT'S NOTICE AND
MOTION TO DISMISS
5:23-CV-04549-EJD

is also directed to an unpatentable abstract idea as described below.

### a.   Maintaining a list or inventory is abstract.

'752 patent, claim 1 adds the requirement of "maintaining a list of mobile remote units."  In a similar fashion, '752 patent, claim 6 adds the requirement of "maintaining a list of all remote units that disclosed their location after each request" and '918 patent, claim 24 maintains an "inventory of all second communication units that are providing their location in proximity to the first communication unit."

But maintaining a list or inventory is an abstract idea.  In *British Telecommunications PLC v. IAC/InterActiveCorp*, the Federal Circuit held claims that were directed to the abstract idea of "providing lists of location-specific information sources to users based on their location" to be invalid.  813 F. App'x 584, 587 (Fed. Cir. 2020); *see also NetSoc, LLC v. Match Grp., LLC*, 838 F. App'x 544, 550 (Fed. Cir. 2020) (finding claims that included the limitation of "'maintaining' a list of participants" to be directed to an abstract idea and patent ineligible).

### b.   Determining whether an object is in a certain area is abstract.

'752 patent, claim 3 adds the requirement of estimating "at the remote unit" if the current location of the remote unit is within the specified geographic boundary.  Additionally, '752 patent, claim 4 and '918 patent, claim 2 include the requirements for determining whether a remote unit is within an exclusion region, within which location information should not be provided.  Further, '752 patent, claim 6 adds the requirement of using a "wider than normal prescribed geographic boundary" and splitting the geographic boundary into "sub geographic regions" to verify remote units within each subregion and maintaining a list of such remote units.

But no computer technology is required to determine if a location is inside or outside a boundary—humans have done this for years using pen-and-paper maps, fences, or lines drawn on the ground.  Determining whether a mobile device is within a geographic boundary, and applying rules based on that determination, is just another form of collecting and analyzing location information and is abstract.  *See Elec. Power Grp., LLC*, 830 F.3d at 1354 ("The advance they purport to make is a process of gathering and analyzing information of a specified content, then displaying the results, and not any particular assertedly inventive technology for performing those

Cooley LLP
Attorneys at Law
Palo Alto

13

Defendant's Notice and
Motion to Dismiss
5:23-CV-04549-EJD

functions.  They are therefore directed to an abstract idea."); *Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1345 (Fed. Cir. 2013) (finding that patent was directed to the abstract idea of "generating tasks [based on] rules … to be completed upon the occurrence of an event." (modifications in original)); *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1168 (Fed. Cir. 2018) ("[T]he selection and mathematical analysis of information, followed by reporting or display of the results" is abstract.).  Accordingly, courts in this District have invalidated as abstract similar claims.  *See, e.g., Linquet Techs.*, 559 F. Supp. 3d at 1111 (holding that a limitation that applied a rule dependent on whether a wireless tag is outside a predetermined range of a device "is directed to the same abstract idea as Claim 1: tracking an object using electronic means" and finding the claim not patent-eligible); *NantWorks*, 2021 WL 24850, at *6 ("Courts have held that a transaction based on location is an abstract idea" and collecting cases).

### c.    Tracking objects in motion is abstract.

'918 patent, claim 22 and '726 patent, claim 1 require determining whether the first and second units maintained "proximity while in motion," which is merely further analyzing location information.  Courts in this District and other judicial districts have found that tracking objects in motion is abstract.

In *Linquet*, a court in this District found the claim at issue "drawn to the abstract idea of tracking or locating an object."  *See Linquet Techs., Inc.*, 559 F. Supp. 3d at 1108.  The asserted patent involved a purported invention where an object with a wireless tag could be tracked by multiple electronic devices as the object was in motion.  Figure 11 showed an embodiment of the object being tracked as it moved.

Cooley LLP
Attorneys at Law
Palo Alto

14

Defendant's Notice and
Motion to Dismiss
5:23-CV-04549-EJD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



U.S. Patent No. 10,163,318, Fig. 11B.  The court found that "[t]he plain language of Claim 1, along with the specification, makes clear that the claim is drawn to the abstract idea of tracking or locating an object."  *Id.*

Similarly, in *Wireless Discovery*, the District of Delaware found the location-based claims at issue were directed to "the abstract idea of social networking, such as matching people by their location."  *Wireless Discovery*, 2023 WL 1778638, at *5.  The representative claim at issue specifically recited the ability to match users in motion based on "identifying current dynamic locations of all members in said network."  *Id.*  The patent explained that "dynamic location" could

Cooley LLP
Attorneys at Law
Palo Alto

15

Defendant's Notice and
Motion to Dismiss
5:23-CV-04549-EJD

be "obtained from LBS, GPS, or Geolocation standards."  U.S. Patent No. 10,321,267 at 6:10-15.  Therefore, like the claims in *Linquet* and *Wireless Discovery*, the claims at issue here tracking "proximity while in motion" are directed to an abstract idea.

### d.  Providing location information to a mobile object is abstract.

The final additional limitations of the Asserted Claims are also abstract.  '726 patent, claims 8 and 12 provide the location information "to" a "remote unit" in addition to the network.  This falls within the abstract idea of presenting results, specifically presenting location information, here to a larger audience.  *See Elec. Power Grp.,* 830 F.3d at 1354.

### e.  The unasserted claims are directed to abstract ideas.

Lastly, to the extent the Court considers any of the *unasserted* claims, they are also directed to the same abstract ideas discussed above.  Any minor variations on these abstract ideas introduced in the unasserted claims are likewise abstract and not patent eligible.

Specific mathematical calculations using location information—including calculations using and determining "radii" information (which is just a measure of distance from the outside of a circle to its center), angles, and velocity—are still nothing more than analyzing information using math, and thus abstract.  *SAP Am.*, 898 F.3d at 1168 ("[T]he selection and mathematical analysis of information, followed by reporting or display of the results" is abstract.).  Likewise, determining whether a "minimum pre-specified distance" has been traveled is a simple mathematical analysis of distance, and also abstract.  *See id.*  Analysis of elapsed time likewise is abstract information analysis.  The Federal Circuit in *Weisner* specifically held abstract and ineligible claims that compiled "information such as time and location."  *See Weisner*, 51 F.4th at 1082-83.  And modifying the order in which information is presented—to present information on units that are closer before information on units that are further away—is merely applying on a computer the straightforward human activity of presenting information in order of importance or relevance.

### 3.  The Asserted Patents claim neither an improvement in functionality nor a specific technological solution to an issue arising specifically in communication networks.

At *Alice* Step 1, the court "determine[s] whether the claims 'focus on a specific means or method that improves the relevant technology' or are 'directed to a result or effect that itself is the

Cooley LLP
Attorneys at Law
Palo Alto

16

Defendant's Notice and
Motion to Dismiss
5:23-CV-04549-EJD

abstract idea and merely invoke generic processes and machinery.'" *Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229, 1241 (Fed. Cir. 2016).

Here, the claims are wholly generic, reciting minimal hardware or physical components, and the physical components that are identified are standard components or described solely in black box terms, such as "portable mobile remote unit," "network," "wireless consumer," "communication unit," "transmitter," and various means clauses directed to "memory means," "display means," etc.  The structures described in the specification and figures likewise are all generic.  For example, Figure 2 (which is the same across all of the Asserted Patents) shows a diagram of a mobile portable remote unit employed by the system, which is composed entirely of generic components such as "transceiver circuitry," and an "input panel" and black box terms such as a "control unit," "memory means," "display means," and "audio means."  The specification describes that the transceiver circuitry receives and transmits information via an "antenna;" the "control unit" controls the action of the portable remote unit; and information is stored generically in "memory" such as the standard "Random Access Memory" and "Read Only Memory."  '752 patent at 4:39-53.

These recitations in the claims and specification of generic components and black-box "structures" do not recite any patent-eligible improvement to the relevant technology.  *See Affinity Labs of Texas, LLC v. DirecTV, LLC*, 838 F.3d 1253, 1262 (Fed. Cir. 2016) (There is no inventive concept where "[t]he claim simply recites the use of generic features of cellular telephones, such as a storage medium and a graphical user interface, as well as routine functions, such as transmitting and receiving signals, to implement the underlying idea.").  The specification in fact confirms that wireless networks and associated technology were conventional well before the Asserted Patents. '752 patent at 1:56-57 ("In today's market, such mobile units are usually small, compact and lightweight."); *id.* at 1:11-13 ("The wireless industry is currently gearing towards the provision of a wide range of location based services to the general public."); *id.* at 1:20-52 (describing prior art systems in wireless networks).  The inclusion of such physical components does not save the claims from abstractness.  *See, e.g.*, *Chamberlain Grp., Inc. v. Techtronic Indus. Co.*, 935 F.3d 1341, 1348 (Fed. Cir. 2019) ("[T]he mere physical nature of … claim elements (*e.g.*, controller, interface, and

Cooley LLP
Attorneys at Law
Palo Alto

17

Defendant's Notice and
Motion to Dismiss
5:23-cv-04549-EJD

wireless data transmitter) is not enough to save the claims from abstractness, where the claimed advance is directed to the wireless communication of status information using off-the-shelf technology for its intended purpose."), *cert. denied*, 141 S. Ct. 241 (2020).

Nor do the Asserted Patents provide a technological solution to an issue arising specifically in network communications.  The Asserted Patents identify the need for determining if a user is being tracked in a specific geographic area.  ('918 patent at 2:9-16.)  But humans have long collected, analyzed, and reported location information in myriad circumstances, including for tracking user location, such that the claims lend themselves to numerous pen-and-paper analogies.  In addition to the analogy of a detective, tracking the location of things in a particular region over time is analogous to a travel log (as in *Weisner*).  Analyzing proximity (distance) based on location information is a human exercise that predates computer technology.  In addition to the analogy of a detective, emergency and taxi dispatchers collected location information and analyzed the proximity of vehicles to those locations long before the advent of mobile computing.  Even children playing schoolyard games—like Marco Polo—track each other's locations.  In a game of Marco Polo, a child may call out to other children within a specific boundary of a swimming pool at intervals ("Marco") and receive responses from each child ("Polo") to help him understand the location of each child in the swimming pool and to let him know if another child is nearby (*i.e.*, in "proximity").

Additionally, "a claim that merely describes an 'effect or result dissociated from any method by which [it] is accomplished'" is typically "not directed to patent-eligible subject matter." *Apple, Inc.*, 842 F.3d at 1244 (alteration in original) (quoting *Internet Pats. Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1348 (Fed. Cir. 2015)).  The Federal Circuit in *Zillow* made clear that a patent is abstract if it is "result-oriented, describing required functions (presenting, receiving, selecting, synchronizing), without explaining how to accomplish any of the tasks." *Zillow*, 50 F.4th at 1378.  So too here, the claims merely recite desired functional results with no explanation of how to accomplish these results.  For example, the claims repeatedly recite limitations for "obtaining," "verifying," "receiving," "splitting," "requesting," "maintaining," and "providing," without reciting or requiring any particular way to accomplish these functional limitations.  This is "result-

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

18

DEFENDANT'S NOTICE AND
MOTION TO DISMISS
5:23-CV-04549-EJD

1   based functional language" that "does not sufficiently describe how to achieve these results in a

2   non-abstract way." *Two-Way Media v. Comcast Cable Commc'ns*, 874 F.3d 1329, 1337 (Fed. Cir.

3   2017).

4   **B.       The Claims Recite No Inventive Concept (*Alice* Step 2).**

5        *Alice* Step 2 focuses on "whether the claim limitations other than the invention's use of the

6   ineligible concept to which it was directed were well-understood, routine and conventional." *BSG*

7   *Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1290 (Fed. Cir. 2018).  "To save a patent at step two,

8   an inventive concept must be evident in the claims."  *Two-Way Media Ltd.*, 874 F.3d at 1338;

9   *Ericsson Inc. v. TCL Communc'n Tech. Holdings Ltd.*, 955 F.3d 1317, 1329 (Fed. Cir. 2020) ("[N]o

10   reason to import the allegedly novel layered architecture described in the specification into the

11   language of the claims").   When a patent claim is directed to an abstract idea, "[t]he use and

12   arrangement of conventional and generic computer components … such as a database, user

13   terminal, and server[] do not transform the claim, as a whole, into 'significantly more' than a claim

14   to the abstract idea itself." *Credit Acceptance Corp.*, 859 F.3d at 1056 (citation omitted).

15        Other than the abstract idea at its heart, claim 15 of the '918 patent recites only generic or

16   black box computer components.  Every other claim, as well as the specifications, similarly recite

17   nothing but further abstract ideas and generic or black box components. *See supra* at Section II.B.

18   As in *Weisner*, the claims "rely on the use of existing technology to create a computerized version

19   of [travel] logs and do not 'focus on a specific means or method that improves the relevant

20   technology.'"  51 F.4th at 1083.

21        Critically, the claims of the Asserted Patents fail to disclose *how* any of their high-level,

22   abstract steps are performed.  Instead, as in *Zillow*, "[t]he limitations simply describe the abstract

23   method without providing more."   50 F.4th at 1379.   There is no specialized hardware, no

24   algorithms, nor any other explanation for how the claimed invention carried out its abstract steps—

25   neither in the claims themselves nor in any part of the specifications incorporated into the claims.

26   For example, '918 patent claim 15 does not explain *how* to "obtain[] the location information" of a

27   "second portable communication unit that is within a specified boundary of the first portable remote

28   unit, said location information provided at intervals during said tracking period."  Nor does claim

15 explain *how* to "verify whether the first portable remote unit and the second portable remote unit have maintained relative proximity during the tracking period."  Such broad claim language is a telltale sign of functional claims that add nothing patentable to their underlying abstract ideas. *See Two-Way Media Ltd.*, 874 F.3d at 1339 (invalidating claim that "uses generic functional language to achieve [the alleged invention's] purported solutions").  Indeed, going beyond the claim language and examining the specifications, the specifications confirm that there were techniques well known in the art to determine a remote unit's geographic location.  ('918 patent at 7:1-4 ("There are several techniques well known in the art that a remote unit may employ to resolve its geographic location or assist the network in resolving its location."); *id.* at 9:16-18 ("As mentioned before, the PRU may employ any relevant location determination technique well known in the art to obtain its geographic location."); *id.* at 10:27-29 ("This could be done in association with the network or by using any remote unit location determination techniques such as GPS.").)

Finally, nothing about the "ordered combination" of claim elements "transform[s] the nature of the claim[s] into a patent-eligible" invention.  *Alice Corp. Pty. Ltd.*, 573 U.S. at 217 (citation and internal quotations omitted).  The sequence of steps flows from the abstract idea of collecting, analyzing, and providing location information.  First, the location information of a first remote unit is somehow obtained.  Then location information of a second remote unit within a specified boundary is somehow obtained.  The location information is then somehow analyzed to verify relative proximity, and the results are forwarded.  Nothing in the order or arrangement of the elements recites any inventive concept and, as explained, none of the claims of the Asserted Patents explain *how* any step in this order should be carried out.  Thus, under the two-step *Alice* analysis, the claims of the Asserted Patents are invalid.  The Complaint adds nothing to change this analysis, nor could it since the claims and patent speak for themselves.  Accordingly, the Complaint should be dismissed in its entirety.  Because the Asserted Patents are invalid as a matter of law, the dismissal should be with prejudice.

## V.   THE COMPLAINT FAILS TO SUFFICIENTLY PLEAD WILLFUL INFRINGEMENT AND INDIRECT INFRINGEMENT.

In the event the Court does not dismiss the entire Complaint under 35 U.S.C. § 101, the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

20

DEFENDANT'S NOTICE AND
MOTION TO DISMISS
5:23-CV-04549-EJD

1   Court should dismiss Plaintiff's claims of indirect and willful infringement, because the Complaint

2   fails to plausibly plead these claims with any non-conclusory, supporting factual allegations.

3       "With respect to willfulness …. knowledge of the patent and knowledge of infringement

4   must be pled with plausibility."  *Sonos v. Google*, 591 F. Supp. 3d 638, 643 (N.D. Cal. 2022).

5   Courts routinely grant motions to dismiss willful infringement claims when the plaintiff fails to

6   allege facts that "support a plausible inference that [the alleged infringer] engaged in 'egregious'

7   conduct that would warrant enhanced damages…."  *See, e.g.*, *Finjan, Inc. v. Cisco Sys., Inc.*, No.

8   17-cv-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017).  "Like willful infringement,

9   both forms of indirect infringement—induced and contributory infringement—require knowledge

10  of the patent and knowledge of infringement."  *Sonos*, 591 F. Supp. 3d at 647.  For both willfulness

11  and indirect infringement, "a mere allegation of 'knowledge' remains conclusory and insufficient."

12  *Id.* at 644, 647.

13      The Complaint makes only a single, conclusory allegation of notice of the Asserted Patents,

14  unsupported by any facts.  (*See* Compl. ¶ 24 ("Upon information and belief, Uber has been on

15  notice of the Asserted Location-Based Service Patents since at least 2020.").)  This type of

16  conclusory allegation of knowledge is insufficient to plead willfulness and indirect infringement.

17  *See Sonos*, 591 F. Supp. 3d at 644, 647.  The allegation does not place Uber on notice and does not

18  provide sufficient knowledge of the facts to enable Uber to answer the complaint and defend itself.

19  *See Silver State Intell. Techs.*, 314 F. Supp. 3d at 1044 ("The requirement [of pleading facts

20  sufficient to place the alleged infringer on notice] ensures that the accused infringer has sufficient

21  knowledge of the facts alleged to enable it to answer the complaint and defend itself.").

22      Because the Complaint has only a conclusory allegation of knowledge of the Asserted

23  Patents and is entirely devoid of any allegations of knowledge of infringement, the allegations of

24  willfulness and indirect infringement are insufficient and should be dismissed.

25  **VI.    CONCLUSION**

26      For the foregoing reasons, Uber respectfully requests that the Court dismiss the Complaint

27  with prejudice or, in the alternative, dismiss Plaintiff's claims of indirect and willful infringement.

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

21

DEFENDANT'S NOTICE AND
MOTION TO DISMISS
5:23-CV-04549-EJD

Dated: November 1, 2023                    COOLEY LLP


By: _Reuben H. Chen_
    HEIDI L. KEEFE (178960)
    (hkeefe@cooley.com)
    REUBEN H. CHEN (228725)
    (rchen@cooley.com)
    ALEXANDRA DUNWORTH LEEPER
    (307310) (aleeper@cooley.com)
    ANGELA R. MADRIGAL (346530)
    (amadrigal@cooley.com)
    3175 Hanover Street
    Palo Alto, CA 94304-1130
    Telephone:   (650) 843-5000
    Facsimile:    (650) 849-7400

    COOLEY LLP
    ADAM PIVOVAR (CA Bar No. 246507)
    (apivovar@cooley.com)
    1299 Pennsylvania Avenue, NW, Suite 700
    Washington, DC 20004-2400
    Telephone:   (650) 843-5000
    Facsimile:    (650) 849-7400


    *Attorneys for Defendant Uber Technologies, Inc.*

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

22

DEFENDANT'S NOTICE AND
MOTION TO DISMISS
5:23-CV-04549-EJD