UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ENOVSYS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No.   23-cv-04549-EJD<br><br>**ORDER DENYING IN PART AND DEFERRING IN PART MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 65 |

The Court is in receipt of Plaintiff Enovsys LLC's Motion for Leave to File a Motion for Partial Reconsideration of the Court's June 17, 2024, Order pursuant to Civil Local Rule 7-9. Motion for Leave to File Motion for Reconsideration ("Motion" or "Mot."), ECF No. 65. Having read and considered Enovsys's Motion, the Court DENIES IN PART AND DEFERS IN PART Enovsys's Motion and requests a limited response from Defendant Uber Technologies, Inc. ("Uber") as stated below.

I.     **BACKGROUND**

Enovsys brought this action against Uber alleging infringement of U.S. Patent Nos. 6,441,752 ("'752 patent"); 6,756,918 ("'918 patent"); and 7,199,726 ("'726 patent") (collectively, the "Asserted Patents"). On June 17, 2024, the Court dismissed the complaint with prejudice, finding that the Asserted Patents were patent ineligible under 35 U.S.C. § 101 as a matter of law. Order Granting Uber's Motion to Dismiss ("Order"), ECF No. 64. Enovsys moves for leave to file a motion for reconsideration of that Order.

## II. LEGAL STANDARD

"No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civ. L. R. 7-9(a). Under Civil Local Rule 7-1(b), a motion for leave to file a motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments.

## III. DISCUSSION

Enovsys requests leave to file a motion for reconsideration of the portion of the Order regarding the Court's *Alice* Step 2 conclusion. Mot. 2. Enovsys submits that in dismissing Enovsys's complaint without leave to amend, the Court failed to consider a dispositive legal argument. Specifically, Enovsys contends the Court erred by (1) "discount[ing] statements in the specification that, if accepted as true as they must be at the pleading stage, establish that the claimed systems and methods of the Asserted Patents were beyond a well-understood, routine and conventional implementation of an abstract idea and patent eligible," (2) "improperly impos[ing] an evidentiary burden on Enovsys that should not lie at the pleading stage," and (3) "ruling that all claims of the three patent-in-suit were invalid on ruling on Uber's motion to dismiss because the Court had no subject matter jurisdiction to rule on any claims beyond the asserted claims." Mot. 2–3.

As an initial matter, "[a] motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quotations omitted). Enovsys's motion repeats arguments previously raised and rejected by the Court. For instance, Enovsys asks the Court to reconsider its conclusion as to Step 2 of *Alice* and find that the Asserted Patents are directed to non-conventional claimed techniques

Case No.: 23-cv-04549-EJD
ORDER DENYING IN PART AND DEFERRING IN PART MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

2

based on the specification. Mot. 5. Enovsys presented the same argument in opposing Uber's motion to dismiss. *See* Opposition to Uber's Motion to Dismiss, ECF No. 38 at 18. The Court considered the list of features Enovsys contends shows the claims were not routine or conventional within the industry of mobile communication networks at the time of the invention. *Id.* at 18 (listing features). The Court found that these claimed features (*e.g.*, fulfilling requests in a prescribed geographic boundary, using exclusion regions, responding to request for locations within a specified boundary, making proximity and tracking determinations) all "amount to filtering or manipulating the data." Order 19. The Court explained that, unlike the claims in *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016), the claims here "recite only the abstract idea of receiving location information, reporting location information, and filtering reported locations along with the addition of generic computer components such as 'network,' 'wireless consumer,' 'transmitter,' and 'memory means.'" *Id.* Enovsys contends that the Court improperly relied on "a description of the prior art" to "rebut the entire weight of the balance of the specification describing unconventional means." Mot. 5. The Court identified the contradiction in the specification, which supported the Court's finding that the claims are not directed to non-conventional techniques. *See* Order 18–19; *see also AI Visualize, Inc. v. Nuance Commc'ns, Inc.*, 97 F.4th 1371, 1380 (Fed. Cir. 2024) ("a patentee that emphasizes a claim's use of certain technology … fails at step two when the intrinsic record establishes that the technology is conventional or well-known in the art").

Moreover, in reaching its conclusion regarding Step 2, the Court considered the entire specification and determined the claimed features all amounted to the abstract idea described above. *See* Order 19–20. Thus, as a matter of law, these alleged improvements cannot qualify as the inventive concept under *Alice* Step 2. *See BSG Tech, LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1290 (Fed. Cir. 2018) (holding that the abstract idea cannot supply the inventive concept).

Enovsys also argues the Court improperly shifted the burden of proving non-conventionality to Enovsys. Mot. 4. The Court conducted its analysis with the understanding that

patents granted by the United States Patent and Trademark Office are presumptively valid, and it is Uber's burden to prove the Asserted Patents recite patent-ineligible subject matter. The Court's statement regarding what Enovsys "has not demonstrated" pertains to Enovsys's effort to compare the Asserted Patents to those in *BASCOM*.

Next, Enovsys argues that the Court erroneously dismissed its complaint without leave to amend. Mot. 7. As the Court found, however, any proposed amendment by Enovsys would be futile given the analysis above and in the Order. *See Semiconductor Design Techs., LLC v. Cadence Design Systems, Inc.*, No. 23-cv-01001-RFL, *8 (N.D. Cal. May 28, 2024) (granting motion to dismiss without leave to amend where "[n]o amendment to the FAC would cure the validity problems with the underlying patents"); *New Millennium Software Int'l, L.L.C. v. Phantom Auto Inc.*, No. 23-cv-03278-VC, 2023 WL 8866584, at *2 (N.D. Cal. Nov. 9, 2023) (same); *St. Spirit IP LLC v. Meta Platforms, Inc.*, 684 F. Supp. 3d 1005, 1014 (N.D. Cal. 2023) (denying leave to amend where amendment would be futile).

Finally, Enovsys requests that the Court amend its Order to clarify that only the Asserted Claims are impacted by the Court's ruling. The Court will defer ruling on Enovsys's request pending any statement from Uber as noted below.

## IV.   CONCLUSION

For the foregoing reasons, Enovsys's Motion is DENIED IN PART. However, the Court will defer ruling on Enovsys's Motion only as to its argument regarding the scope of the Order (*see* Motion 9–10) pending receipt of Uber's response. Uber may file a response by July 19, 2024, limited to Enovsys's request that the Court clarify its Order regarding the claims at issue. Any response must be limited to three pages.

**IT IS SO ORDERED.**

Dated: July 12, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 23-cv-04549-EJD
ORDER DENYING IN PART AND DEFERRING IN PART MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

4