UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ENOVSYS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No.   23-cv-04549-EJD<br><br>**ORDER REGARDING FIRST AND SECOND MOTIONS FOR RECONSIDERATION**<br><br>Re: ECF Nos. 65, 69 |

This is a patent infringement case alleging that Defendant Uber Technologies, Inc. infringed U.S. Patent Nos. 6,441,752 ("'752 patent"), 6,756,918 ("'918 patent"), and 7,199,726 ("'726 patent") (collectively, the "Asserted Patents"). The Court is in receipt of Plaintiff Enovsys, LLC's Second Motion for Leave to File a Motion for Reconsideration. ECF No. 69 ("Second Reconsideration Motion"). Enovsys seeks reconsideration of the Court's June 17, 2024 order granting Uber's motion to dismiss, ECF No. 64 ("MTD Order"). Also pending is the portion of Enovsys's First Motion for Leave to File a Motion for Reconsideration, ECF No. 65 ("First Reconsideration Motion"), that seeks an order clarifying the scope of the MTD Order. Having considered the parties' briefing on the Second Reconsideration Motion and the scope of the MTD Order, the Court finds that the MTD Order applied to all claims of the Asserted Patents and **DENIES** Enovsys's Second Reconsideration Motion.

I.    **BACKGROUND**

Enovsys filed its complaint on September 5, 2023, alleging infringement of "one or more claims" of the Asserted Patents. *E.g.*, ECF No. 1 ¶¶ 1, 18. Enovsys specifically alleged that the accused products infringe "at least":

Case No.: 23-cv-04549-EJD
ORDER RE MOTS. FOR RECONSIDERATION
1

- claims 1, 3, 4, 6, 7, and 12 of the '752 patent;
- claims 1, 4, 6, 8, 12, and 13 of the '726 patent; and
- claims 1, 2, 15, 22 and 24 of the '918 patent.

*Id.* ¶¶ 57, 119, 198.

Uber filed a motion to dismiss, and on June 17, 2024, the Court dismissed the complaint without leave to amend, finding the Asserted Patents to be patent ineligible under 35 U.S.C. § 101. MTD Order 21–22.

On July 12, 2024, the Court denied in part Enovsys's First Reconsideration Motion but deferred ruling on the proper scope of the MTD Order. ECF No. 66. The Court later clarified that the MTD Order invalidated only "asserted claims" but found that there was still a question of which claims were "asserted" for purposes of the MTD Order. ECF No. 73. The Court therefore ordered the parties to meet and confer to attempt to resolve this issue. *Id.* Pursuant to the Court's order, the parties met and conferred but were unable to reach an agreement. As such, they submitted a joint statement briefing their opposed positions. ECF No. 76 ("Joint Statement").

Meanwhile, on December 1, 2024, Enovsys filed the instant Second Reconsideration Motion. The Second Reconsideration Motion requests leave to file a motion for reconsideration of the MTD Order based on the PTAB's November 22, 2024 decisions to deny institution of *inter partes* review ("IPR") and materials submitted in those proceedings.

## II.    LEGAL STANDARD

Northern District of California Local Rule 7-9 governs the procedure for motions for reconsideration. *See* Civil L.R. 7.9(b) ("A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9."). Leave from the Court is required before a party may file a motion for reconsideration. *Id.* A movant seeking leave to file a motion for reconsideration must "show reasonable diligence in bringing the motion." *Id.* The movant must also show one of the following is met: (1) "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought," (2) there is an "emergence of new

Case No.: 23-cv-04549-EJD
ORDER RE MOTS. FOR RECONSIDERATION
2

material facts or a change of law occurring after the time of such order," or (3) there was "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." *Id.*

### III. DISCUSSION

Given that Enovsys's Second Reconsideration Motion depends, in part, on final resolution of its First Reconsideration Motion, the Court begins its analysis by determining which claims of the Asserted Patents were "at issue" in the MTD Order.

#### A. Scope of the MTD Order

The parties agree that the question of which claims were at issue for the MTD Order is a jurisdictional one. *See generally* Joint Statement. In other words, the claims subject to invalidation are those for which a case or controversy existed when the Court issued its MTD Order. *See Streck, Inc. v. Rsch. & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1282 (Fed. Cir. 2012) ("It is well-established that, in patent cases, the existence of a 'case or controversy must be evaluated on a claim-by-claim basis.'") (quoting *Jervis B. Webb Co. v. So. Sys., Inc.*, 742 F.2d 1388, 1399 (Fed. Cir. 1984)).

Enovsys argues that the "asserted claims" for purposes of the MTD Order are the ones set forth in its February 8, 2024 infringement contentions:

- claims 1, 4, 6, 9, 14, and 15 of the '752 patent;
- claims 1, 2, 8, and 12 of the '726 patent; and
- claims 1, 2, and 22 of the '918 patent.

Joint Statement 2. According to Enovsys, service of its infringement contentions before the Court ruled on Uber's motion to dismiss narrowed the asserted claims, so the MTD Order's invalidating effect applied only to those claims.

Enovsys likens the circumstances here to those in *Miller Mendel, Inc. v. City of Anna*, 107 F.4th 1345 (Fed. Cir. 2024). In *Miller Mendel*, the plaintiff-patentee's amended complaint initially asserted that the defendant infringed "one or more claims of the '188 patent, including at least Claims 1, 5, and 15." *Id.* at 1355. The plaintiff later narrowed the asserted claims to only

Case No.: 23-cv-04549-EJD
ORDER RE MOTS. FOR RECONSIDERATION
3

claims 1, 5, and 15 in response to the defendant's Rule 12(c) motion for judgment on the pleadings and confirmed in infringement contentions that it had withdrawn all but those three claims. *Id.* The Federal Circuit held that the district court's order granting the Rule 12(c) motion only applied to claims 1, 5, and 15, because the district court did not have jurisdiction over the other unasserted claims at that time. *Id.* The Federal Circuit analogized to its prior cases in which a patentee's narrowing of the asserted claims before the court ruled on summary judgment motions reduced the scope of the court's subsequent order. *See Streck, Inc. v. Rsch. & Diagnostic Sys., Inc.*, 665 F.3d 1269 (Fed. Cir. 2012); *Fox Grp., Inc. v. Cree, Inc.*, 700 F.3d 1300 (Fed. Cir. 2012). In both *Streck* and *Fox*, the patentees initially alleged infringement of "one or more claims," but later narrowed the claims at issue to a definite set of claims through service of infringement contentions or other discovery. *Streck*, 665 F.3d at 1284; *Fox*, 700 F.3d at 1308.

Here, as in *Miller Mendel*, Enovsys's complaint alleged that Uber infringed "one or more" claims of the Asserted Patents, *e.g.* ECF No. 1 ¶¶ 1, 18, 56, 118, 197, and identified infringement of "at least" certain claims. *Id.* ¶¶ 57, 119, 198. Enovsys also served infringement contentions that asserted certain claims after the parties had completed briefing Uber's motion to dismiss but before the Court issued its MTD Order. However, the similarities to *Miller Mendel* end there.

Enovsys claims that service of infringement contentions pursuant to Patent Local Rule 3-1 narrowed the asserted claims, reducing the scope from "one or more" or "at least" certain claims to only those asserted in the contentions. In this way, Enovsys equates its contentions to similar narrowing events in *Miller Mendel* and its predecessors. *See* Joint Statement 3; *Miller Mendel*, 107 F.4th at 1355 (also discussing narrowing events in *Streck* and *Fox*). But that is a misleading comparison. To be sure, Enovsys's infringement contentions forgo the complaint's broad language like "one or more" and "at least," and omit several claims originally asserted in its complaint—*i.e.*, claim 3 of the '752 patent, claims 4 and 6 of the '726 patent, and claims 15 and 25 of the '918 patent. This would seem to align with Enovsys's assertion that the contentions narrowed the number of claims at issue. However, the contentions also include claims 9, 14, and 15 of the '752 patent and claim 2 of the '726 patent, claims that were not previously identified in

Case No.: 23-cv-04549-EJD
ORDER RE MOTS. FOR RECONSIDERATION
4

the complaint. Even so, the contentions could still be considered a narrowing event if Enovsys completely withdrew all but the claims asserted in the contentions. But when presented with an opportunity to agree that it had withdrawn and would not assert any additional claims, Enovsys refused. Joint Statement 5. This alone distinguishes the instant case from *Miller Mendel*, *Streck*, and *Fox*.

More importantly, *Miller Mendel* is distinguishable because Enovsys's infringement contentions created confusion as to what claims were at issue before the Court entered the MTD Order. Key to the Federal Circuit's holdings in the *Miller Mendel* and its predecessors was that the narrowing event in each case put the parties on notice of the limited set of asserted claims such that "both parties knew which claims were at issue before the court ruled on the motion." *Miller Mendel*, 107 F.4th at 1355; *see also Streck*, 665 F.3d at 1284 (explaining that service of preliminary infringement contentions narrowed the asserted claims because "the parties knew precisely which claims were at issue well before the court ruled on the parties' summary judgment motions or conducted trial"). Not so here. It is unclear whether Enovsys has fully withdrawn claims that were originally asserted in the complaint but are no longer identified in the contentions. That Enovsys and Uber did not know which claims were at issue before the MTD Order is evident from the current dispute and the parties' failure to agree on the affected claims after meeting and conferring. *See* Joint Statement 1. Because the parties did not know which claims were at issue before the Court issued its MTD Order, Enovsys's service of infringement contentions are not the narrowing event that Enovsys describes it to be.

The facts here are instead closer to those in *Mobile Acuity Ltd. v. Blippar Ltd.*, which Uber relies upon in its statement. 110 F.4th 1280 (Fed. Cir. 2024). In *Mobile Acuity*, the Federal Circuit partly distinguished *Miller Mendel* and explained that "the district court [has] jurisdiction over all claims of the [] patents-in-suit," where "the Asserted Claims are representative of all claims," and "all claims of [the patents-in-suit] were challenged in the motion to dismiss." *Id.* at 1287 n.3 (internal quotations omitted). Notably, the Federal Circuit found the patentee's claim that it had narrowed the asserted claims to be undercut by open-ended allegations in the operative

Case No.: 23-cv-04549-EJD
ORDER RE MOTS. FOR RECONSIDERATION
5

complaint and discussion of "unasserted" claims in the patentee's opposition brief. *Id.*

Most of the same factors in *Mobile Acuity* are present here. As noted above, Enovsys used open-ended terms like "at least" and "one or more" in its complaint to keep the scope of the asserted claims indefinite. Such language implies that Enovsys might potentially allege all claims of the Asserted Patents. *See id.* (noting that the operative complaint alleged that defendant infringed "at least claim 8" of one patent and "one or more claims" of another). The Court held that claim 15 of the '918 patent was representative of all claims in the Asserted Patents for purposes of a section 101 determination. MTD Order at 7–8. And despite labeling them as "unasserted" claims, Uber challenged all claims of the Asserted Patents in the motion to dismiss. *See, e.g.*, ECF No. 29 at 6–7 ("The remaining unasserted claims are directed to abstract ideas that correspond to the abstract ideas of the various limitations of the Asserted Claims, so are covered by the analysis of the Asserted Claims."), 16 ("Any minor variations on these abstract ideas introduced in the unasserted claims are likewise abstract and not patent eligible."). Enovsys admitted as much in its opposition. ECF No. 38 at 5 n.6 ("Uber seeks dismissal of the Complaint because it asserts all claims of each of the patents-in-suit are invalid under 35 U.S.C. § 101."). In contrast to the patentee in *Mobile Acuity*, however, Enovsys did not rely on arguments concerning unasserted claims in its opposition. Enovsys was careful to distinguish such claims. *See id.* at 5 n.3 (explaining that an exhibit showed various "asserted and non-asserted claims"), 25 (seeking a holding that "the *asserted claims* are directed at patent-eligible subject matter" (emphasis added)).

On balance, the Court finds *Mobile Acuity* to be more relevant here than the *Miller Mendel* line of cases. In its complaint, Enovsys used open-ended language, leaving open the possibility that it may assert infringement of any of the claims of the Asserted Patents. Uber's motion to dismiss accordingly challenged all the claims of the Asserted Patents as patent ineligible. Enovsys's service of infringement contentions before the Court ruled on Uber's motion did not reduce the scope of asserted claims, because the contentions did not narrow or clarify which claims were asserted and which were withdrawn. Under these circumstances, the Court had jurisdiction over all claims of the Asserted Patents when it issued the MTD Order. *Mobile Acuity*,

Case No.: 23-cv-04549-EJD
ORDER RE MOTS. FOR RECONSIDERATION
6

110 F.4th at 1287 n.3.

### B. Second Motion for Reconsideration

The Court now turns to the Second Reconsideration Motion. Enovsys submits that the emergence of new material facts—the PTAB's factual findings and decisions to deny institution of IPR for the Asserted Patents—warrants reconsideration of the MTD Order. Specifically, Enovsys argues the PTAB decisions demonstrate that (1) claim 15 of the '918 patent is not representative for purposes of a section 101 determination, and (2) the claims of the Asserted Patents are directed to a technical improvement over the prior art. The Court addresses each of these arguments in turn.

#### 1. Representativeness

Enovsys challenges the Court's finding that claim 15 of the '918 patent is representative of all claims of the Asserted Patents.[1] Second Reconsideration Motion 3. In Enovsys's view, the PTAB's IPR decisions demonstrate that the claims of the Asserted Patents fall into two distinct categories: "Proximity Alert Claims" and "Geographic Boundary Claims." This distinction, according to Enovsys, is at odds with the Court's finding that all claims of the Asserted Patents are "substantially similar" and "linked to the same abstract idea" such that claim 15 of the '918 patent may be analyzed as representative. MTD Order 8.

The Proximity Alert Claims—claims 1, 4, 9, 14, and 15 of the '752 patent and claims 1, 2, 15, and 22 of the '918 patent—are directed to a "tracking mode," that is "determining if a user is being tracked by any other mobile unit." ECF No. 68-2 (PTAB Decision Denying Institution of IPR of '752 patent) at 8; ECF No. 68-3 (PTAB Decision Denying Institution of IPR of '918 patent) at 38. Enovsys frames the Proximity Alert Claims as those directed to determining "whether one PRU was tracking another PRU . . . within a pollable geographic boundary of a mobile telecommunication

---

[1] In its half of the Joint Statement, Enovsys repeats the same arguments regarding representativeness that it makes in the Second Reconsideration Motion. *See* Joint Statement 3–4. The Court ordered the Joint Statement to answer the narrow question of which claims were at issue in the MTD Order, not to relitigate the question of representativeness. ECF No. 73. Thus, the Court will not consider the representativeness arguments made in the joint statement.

Case No.: 23-cv-04549-EJD
ORDER RE MOTS. FOR RECONSIDERATION
7

network over a tracking period by determining that the two PRUs maintained a tracking proximity during the tracking period while moving in tandem." Second Reconsideration Motion 3–4. The Geographic Boundary Claim[2]—claim 6 of the '752 patent—is directed to "specifying a geographic boundary, splitting the boundary into subregions and verifying the location of remote units within the subregions." ECF No. 68-2 at 8–9. Enovsys explains that this claim and others in the same category address "the problem of finding a nearby PRU for a requesting PRU . . . by dividing the network into geographic regions that were individually polled or queried for the existence of PRUs." Second Reconsideration Motion 4. Enovsys contends that the PTAB's adoption of these two categories demonstrates that there are two distinct types of embodiments being claimed, making it inappropriate to consider claim 15 of the '918 patent as representative of all claims.

The Court disagrees. Enovsys fails to identify what aspects of Proximity Alert Claims or Geographic Boundary Claims are not present in claim 15 of the '918 patent. Indeed, claim 15 is itself a Proximity Alert Claim, because claim 15 recites "using the location obtained according to step (i) and (ii) to verify whether the first portable remote unit and second portable remote unit have maintained relative proximity during the tracking period." '918 patent at 14:16–19. Claim 15 also encompasses Geographic Boundary Claims, because it recites "obtaining the location information of the at least second portable communication unit that is within a specified geographic boundary of the first portable remote unit." *Id.* at 14:11–14. This element exemplifies what Enovsys claims is distinctive about Geographic Boundary Claims: "finding a nearby PRU for a requesting PRU." *See* Second Reconsideration Motion 4. Regardless of the distinction between Proximity Alert Claims and Geographic Boundary Claims, Enovsys fails to show how claim 15 of the '918 patent is not representative of both categories. As the Court explained in its MTD Order, claim 15 is therefore representative because it is "substantially similar" to and "linked to the same abstract idea" as the other claims in the Asserted Patents. *Content Extraction & Transmission*

---

[2] Enovsys notes that though the PTAB did not describe the challenged claims of the '726 patent as Geographic Boundary Claims, they include similar limitations. Second Reconsideration Motion 3 n.3. The Court will therefore collectively refer to both claim 6 of the '752 patent and analogous claims in the '726 patent as "Geographic Boundary Claims".

Case No.: 23-cv-04549-EJD
ORDER RE MOTS. FOR RECONSIDERATION
8

1  *LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014).  The minor

2  differences between claim 15 and the other claims in the Asserted Patents are not enough to

3  convince the Court otherwise.  MTD Order 8.

### 2. Technical Improvement over Prior Art

Enovsys next contends that the PTAB confirmed that both the Proximity Alert Claims and Geographic Boundary Claim are directed to non-obvious technical solutions, a finding irreconcilable with the Court's *Alice* determination.  At first blush, this argument appears to sound in nonobviousness under 35 U.S.C. § 103 or novelty under 35 U.S.C. § 102 rather than in patentable subject matter eligibility under 35 U.S.C. § 101.  The PTAB only addressed nonobviousness, and it would be legal error to conflate the three different inquiries.  *See SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1163 (Fed. Cir. 2018) ("Nor is it enough for subject-matter eligibility that claimed techniques be novel and nonobvious in light of prior art, passing muster under 35 U.S.C. §§ 102 and 103." (citing *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 89–90 (2012)); *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1151 (Fed. Cir. 2016) ("Synopsys equates the inventive concept inquiry with novelty and contends that the Asserted Claims contain an inventive concept because they were not shown to have been anticipated by or obvious over the prior art . . . .  That position misstates the law.") (citations omitted).  But Enovsys clarifies in its reply brief that the legal significance of the PTAB's decisions is that they show the claims of the Asserted Patents present a technical solution rooted in computer technology.  ECF No. 72 ("Reply") at 5.  This is relevant to whether the claimed invention is directed to a technological improvement under *Alice* step one and whether the claims involve more than the performance of a well-understood, routine, and conventional method under *Alice* step two.  *See id.* at 5–6.  Accordingly, being careful not to engage in a § 103 nonobviousness inquiry, the Court proceeds to analyze whether the PTAB proceedings would change the *Alice* determination in the MTD Order.

First, Enovsys argues that the claims of the Asserted Patents are a technological improvement and thus are not directed to an abstract idea under *Alice* step one.  Whether claims

Case No.: 23-cv-04549-EJD
ORDER RE MOTS. FOR RECONSIDERATION
9

are directed to a patent-eligible, technological improvement depends in part on "whether the claims . . . focus on a specific means or method that improves the relevant technology or are instead directed to a result or effect that itself is the abstract idea and merely invoke generic processes." *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1314 (Fed. Cir. 2016) (citing *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1336 (Fed. Cir. 2016)).

With respect to the Geographic Boundary Claims, Enovsys emphasizes that the Asserted Patents are distinguishable from the prior art because they require dividing the coverage area into subregions that may be individually polled for PRU information. *See* Second Reconsideration Motion 8; Reply 1–4. The PTAB similarly distinguished the Proximity Alert Claims from the prior art because the former requires that two PRUs move together over a pre-defined distance and tracking period while within a specified proximity. *See* Second Reconsideration Motion 6–7; Reply 5. Yet, Enovsys fails to explain how these nonobviousness determinations change the Court's holding that "efficiently managing location information within a specified geographic zone is not a technological solution because it can be performed by humans." MTD Order 17. Take, for example, the recurring scenario of the emergency dispatcher that the parties discuss in their briefings. Emergency dispatchers may have a fleet of units across a wider geographic zone (e.g., a city), but it would be inefficient to request the location of every unit to respond to an incident. Instead, once the dispatchers receive the location of an incident, they request the locations of only the emergency response units within a subregion (e.g., the neighborhood in which the incident was reported) to coordinate a response. Likewise, the dispatcher may track the units on approach to determine whether they maintain proximity to one another. While the claimed methods here "may speed up that organizational process by using a computer, they do not recite an improvement in any computing technology." *Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*, 50 F.4th 1371, 1380 (Fed. Cir. 2022).

Enovsys briefly argues that the individually pollable geographic boundaries in the Geographic Boundary Claims and tracking system in the Proximity Alert Claims are solutions "necessarily rooted in computer technology under *Alice* steps one/two," invoking *DDR Holdings,*

Case No.: 23-cv-04549-EJD
ORDER RE MOTS. FOR RECONSIDERATION
10

*LLC v. Hotels.com, L.P.*, 773 F.3d 1257 (Fed. Cir. 2014) (finding invention patent-eligible where "the claimed solution [was] necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks."). Reply 2. But neither Enovsys nor the PTAB explain how either solution requires the use of computer technology. Nor is the Court persuaded that the PTAB proceedings alter the Court's conclusion that the Asserted Patents do not solve a problem unique to the internet or computer functionality. MTD Order 16. Dividing a large amount of information into smaller parts to improve efficiency is hardly a problem unique to the internet or computers. Similarly, dividing a coverage area into subregions that may be individually polled is just one way to make a large amount of PRU information manageable. There is no dispute that this method increases efficiency, but the mere selection and manipulation of information does not change the fact that the claims are directed to the abstract idea of collecting and analyzing information. *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1355 (Fed. Cir. 2016) ("Merely requiring the selection and manipulation of information—to provide a 'humanly comprehensible' amount of information . . .—by itself does not transform the otherwise-abstract processes of information collection and analysis."). The Proximity Alert Claims suffer from the same deficiency, because they are directed to the abstract idea of analyzing proximity information. As such, the PTAB proceedings do not disturb the Court's findings in *Alice* step one that the claims of the Asserted Patents are directed to abstract ideas.

Next, Enovsys contends that the PTAB's decisions contradict the Court's finding that the method of filtering data covered by the claims of the Asserted Patents is well-understood, routine, and conventional under *Alice* step two. Reply 6; MTD Order 18–19. In particular, Enovsys argues that the PTAB's findings are at odds with the Court's conclusion that the Geographic Boundary Claims and Proximity Alert Claims rely on generic telecommunications components. Second Reconsideration Motion 9; Reply 6. The Court previously distinguished the Asserted Patents from those found to pass *Alice* step two, because the latter harnessed specific technical features of the relevant technology to solve problems exclusive to that technology. *See* MTD Order 18–20 (citing *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341,

Case No.: 23-cv-04549-EJD
ORDER RE MOTS. FOR RECONSIDERATION
11

1350 (Fed. Cir. 2016)). In contrast, the Court found that the Asserted Patents only applied the abstract methods using generic components such as "portable mobile remote unit," "communication unit," "network," and "transmitter." *Id.* at 20–21. Despite stating that the PTAB found otherwise, Enovsys does not point to anything in the PTAB's findings to support its assertion. Rather, the PTAB found that the use of individually pollable geographic boundaries and tracking determinations using PRUs moving in tandem during a tracking period were nonobvious improvements over the prior art. These findings still do not demonstrate what specific features of telecommunications technology the Asserted Patents harness. And even if they did, the methods covered by the Asserted Patents are directed to solving a problem generic to managing large amounts of information, not one unique to telecommunications. *See supra*.

As such, the PTAB proceedings and IPR decisions do not persuade the Court that its *Alice* holding requires reconsideration.

## IV. CONCLUSION

For the foregoing reasons, Enovsys's Second Reconsideration Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 30, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 23-cv-04549-EJD
ORDER RE MOTS. FOR RECONSIDERATION
12